## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

LASHAWN PULLIE, #R53487-083,

                Petitioner,

v.                                       ACTION NO. 2:08cv442

PATRICIA STANSBERRY, Warden,

                Respondent.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  The Court recommends that the petition be DENIED.

### I. STATEMENT OF THE CASE

      On February 5, 2002, this Court sentenced LaShawn Pullie ("Pullie") to a term of 264 months imprisonment for conspiracy to distribute cocaine, crack cocaine, and heroin.[1]  The sentence included an enhancement due to Pullie's possession of a weapon during the commission of his drug crime.  See Decl. of Lynnell Cox, Resp.'s Ans. to Pet. ("Resp. Ans."), Ex. 1, ¶ 4.  On April 11, 2008, the Bureau of Prisons ("BOP") determined, consistent with 28 C.F.R. § 550.58, that Pullie was ineligible for early release under 18 U.S.C. § 3621(e)(deduction of up to one year if prisoner completes drug treatment program), because of Pullie's sentence enhancement for weapon possession.  Id.  Pullie entered the Residential Drug Abuse Program ("RDAP") on April 28, 2008.

---

[1]  On April 28, 2004, the Court amended the sentence to 120 months.  United States v. Pullie, Action No. 4:01cr69-5 (E.D. Va. 2002).

Id. at ¶ 5.  He is presently in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution - Medium, in Petersburg, Virginia ("FCI Petersburg"), with a projected release date of April 17, 2010.  Id. at Attachment A.

On September 17, 2008, Pullie filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], claiming that the BOP found him ineligible for early release based on an invalid federal regulation.  Accordingly, Pullie asserts that he is entitled to a 1-year reduction of his sentence after completing the RDAP.  On December 18, 2008, Respondent timely filed an Answer to the Petition for Writ of Habeas Corpus ("Answer").  [Doc. 5.]  On January 9, 2009, Pullie filed a "Travers" to Respondent's Answer. [Doc. 6.]

After receiving permission from the Court [Doc. 10], Respondent then filed a Supplement to Answer to Petition for Writ of Habeas Corpus ("Supplement") [Doc. 11] on April 21, 2009.  The Supplement identified two new facts.  First, on January 16, 2009, Pullie completed the RDAP.  Second, on January 14, 2009, the BOP published 28 C.F.R. § 550.55 (2009), which replaced 28 C.F.R. § 550.58 (2008). The relevant underlying rule ("2009 Final Rule"), published in the Federal Register, now expressly articulates a rationale for the exclusion of certain classes of persons from eligibility for early release.  74 Fed. Reg. 1892, 1895  (2009).

On May 1, 2009, Pullie filed a "Traverse" to the Respondent's Supplement. [Doc. 12.] Briefing deadlines have since terminated, and this matter is ripe for adjudication.

**Grounds Alleged**

Pullie claims that the BOP found him ineligible for early release based on an invalid federal regulation.  Pullie is seeking a 1-year reduction of his sentence under 18 U.S.C. § 3621(e)(2)(B) for completing the RDAP.

2

## II. DISCUSSION

Congress enacted 18 U.S.C. § 3621(e)(2) to give the BOP the authority to grant early release to an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program.[2]  The BOP adopted an implementing regulation that categorically denied early release to prisoners whose convictions included a felony involving "the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000).  Resolving a split among the circuits over the validity of this regulation, the U.S. Supreme Court granted certiorari in Lopez v. Davis, and held that the BOP's regulation was a permissible exercise of the discretion delegated to it by Congress under 18 U.S.C. § 3621(e)(2)(B).  531 U.S. 230, 244 (2001).  In so holding, however, the Court expressly declined to address the question of whether the BOP had violated the notice and comment requirements of the Administrative Procedure Act ("APA") when it published the implementing regulation.  Id. at 244 n.6.

Last year, the Ninth Circuit addressed this unresolved issue in Arrington v. Daniels, holding that the BOP had violated Section 706 of the APA because it had "failed to set forth a valid rationale

---

[2] Section 3621(e)(2), entitled "Incentive for prisoners' successful completion of treatment program," provides:

(A) Generally.– Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

(B) Period of custody.– The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

for its categorical exclusion rule," and thus, the implementing regulation, Section 550.58, was "arbitrary and capricious."  516 F.3d 1106, 1116 (9th Cir. 2008).  Pullie asserts that the <u>Arrington</u> case compels this Court to hold the same and grant his petition.  In contrast, Respondent argues that Pullie's petition should be denied, because: (1) Congress exempted the BOP from judicial review under the relevant APA requirement, and (2) even if the APA applies, the BOP has articulated a valid rationale for the categorical exclusion rule post-<u>Arrington</u>.[3]  The Court will address each argument in turn.

**A.  Judicial Review of BOP's Implementing Regulation**

Respondent contends that the United States Code exempts the BOP's enactment of the implementing regulation from judicial review.  The relevant statute provides:

> The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code [the APA], do not apply to the making of any determination, decision, or order under this subchapter [Section 3621 et seq.].

18 U.S.C. § 3625.  Thus, Section 706 of the APA, and its grant of judicial review, does not extend to "any determination, decision, or order" made by the BOP pursuant to 18 U.S.C. § 3621.  The issue becomes, therefore, whether the BOP's enactment of the implementing regulation constitutes a "determination, decision, or order" within the meaning of the Code.

Although Title 18 of the Code does not define "determination, decision, or order," the legislative history provides a helpful interpretation:

> The phrase "determination, decision, or order" is intended to mean adjudication of

---

[3] Respondent originally argued that Pullie's claim was not ripe for judicial review, because he had not yet completed the RDAP.  (Resp.'s Ans. at 5.)  In the Supplement, however, Respondent advised the Court that Pullie had completed the RDAP on January 16, 2009.  (Resp.'s Supp. at 3.)  Therefore, the Court concludes that Respondent has withdrawn the argument that the petition is not ripe.

specific cases as opposed to promulgation of generally applicable regulations.

H. Rep. No. 98-1030 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3332.  Thus, "the Sentencing

Reform Act of 1984 . . . manifested congressional intent to preclude judicial review of adjudications,

but not rulemaking." Jasperson v. Fed. Bureau of Prisons, 460 F. Supp. 2d 76, 84 (D.D.C. 2006);

see also Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)("[I]t is apparent that § 3625

precludes judicial review of agency adjudicative decisions but not of rulemaking decisions.").

The BOP's categorical exclusion of Pullie, and all prisoners with felonies involving

possession of a firearm, "is not the kind of retrospective particularized fact-finding for each prisoner

that would render such an exclusion an adjudication." Minotti v. Whitehead, 584 F.Supp.2d 750,

761 (D. Md. 2008).  In fact, Pullie is not disputing a factual determination by the BOP.  Instead, his

petition challenges the validity of the implementing regulation underlying his exclusion from early

release.  The Eighth Circuit has highlighted the distinction.  For example, a "court may not review

the BOP's discretionary decision to deny a sentencing reduction." Martin, 133 F.3d at 1079.  A

court can review, however, "whether the BOP exceeded its statutory authority by categorically

considering sentencing enhancement factors." Id.; see also Jasperson, 460 F. Supp. 2d at 84

(granting judicial review because "Jasperson challenges the rulemaking leading to the BOP policy

that informed his confinement determination, rather than challenging the determination itself").

Therefore, Pullie's categorical exclusion under the implementing regulation does not constitute an

"adjudication," and accordingly, is not insulated from judicial review.

Respondent cites two cases to preclude judicial review, but neither is persuasive.  In Davis

v. Beeler, the district court held that 18 U.S.C. § 3625 precluded traditional judicial review where

the BOP had excluded a prisoner from early release based on the prisoner's conviction for a "crime

5

of violence." 966 F. Supp. 483 (E.D. Ky. 1997).  The court treated the BOP's categorical exclusion

from early release as a "substantive decision," and without explanation, equated it with a

"determination, decision, or order" within the meaning of 18 U.S.C. § 3625.  Id. at 489.  The Lopez

decision casts serious doubt on this view, however, where the Supreme Court stated that "the

exclusion [from early release] of inmates imprisoned for offenses involving a firearm . . . entails no

individualized determination based on postconviction conduct."  531 U.S. at 240.  Furthermore,

Beeler is directly at odds with the more recent Minotti and Jasperson cases, which used statutory

definitions and legislative history to interpret the text of 18 U.S.C. § 3625.  Respondent also cites

Orr v. Hawk to support preclusion of judicial review, but the decision only undermines

Respondent's position.  156 F.3d 651 (6th Cir. 1998).  In a footnote, the Sixth Circuit inserted the

following cryptic dicta:

> As set forth in 18 U.S.C. § 3625, the BOP need not ever comply with the
> requirements of more formal rulemakings, as the agency is statutorily exempt from
> the provisions of 5 U.S.C. §§ 554, 555, and 701-706, concerning judicial review and
> notice and comment proceedings.

Id. at 655 n.1.  And despite this acknowledgment of 18 U.S.C. § 3625, the court actually invoked

judicial review, reversed dismissal of the prisoner's petition, and held that an earlier version of the

implementing regulation, 28 C.F.R. § 550.58, was invalid.  Id. at 656.

In light of the aforementioned authority, the BOP's categorical exclusion of Pullie from early

release, based on the framework of an implementing regulation, is not an "adjudication" within the

meaning of the legislative history.  As a result, the categorical exclusion is not a "determination,

decision, or order" within the meaning of 18 U.S.C. § 3625, and accordingly, the Code does not

preclude judicial review of this matter.

**B.  Validity of BOP's Implementing Regulation**

Under Section 706 of the APA, the Court can deem an agency action unlawful if, among other things, the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  In Arrington, the Ninth Circuit found that the BOP's categorical exclusion of inmates from early release, under 28 C.F.R. § 550.58, was "arbitrary and capricious" because it failed to articulate a "valid rationale" for the categorical exclusion.  516 F.3d at 1116.  Respondent argues, however, that the implementing regulation is valid because (1) the Arrington decision is neither controlling nor persuasive, and (2) even if this Court adopts the holding of Arrington, the latest implementing regulation, 28 C.F.R. § 550.55, provides a "valid rationale" for the categorical exclusion.

**1.  Applicability of the Ninth Circuit's Decision in Arrington v. Daniels**

The Arrington decision does not control the outcome in the present case.  First, Pullie was neither sentenced in a district within the Ninth Circuit, nor incarcerated at any time in a federal facility within the Ninth Circuit.  Thus, as a matter of law, the Arrington decision is not controlling precedent in this Court.  Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393-94 (4th Cir. 2001)(recognizing "well-settled principle" that "a federal court of appeals's decision is only binding within its circuit")(internal citations omitted).  Second, "an overwhelming majority" of courts outside the Ninth Circuit have declined to follow the Arrington decision.  Hicks v. Fed. Bureau of Prisons, 603 F. Supp. 2d 835, 839, 844 (D.S.C. 2009)(collecting cases); see also, e.g., Gatewood v. Outlaw, 560 F.3d 843, 847 (8th Cir. 2009)("[T]he Ninth Circuit panel in Arrington erred when it disregarded the BOP's public safety rationale simply because the court could not find

that rationale in an 'administrative record' which the court never defined. . . ."); <u>Minotti</u>, 584 F.

Supp. 2d at 765 (holding that the "fatal flaw" of the <u>Arrington</u> decision was how "the Ninth Circuit

substituted its judgment for that of the agency").  Therefore, this Court will join the clear majority

in rejecting an application of the Ninth Circuit's holding in <u>Arrington</u>.

  The Court further joins the majority view that the BOP's application of 28 C.F.R. § 550.58,

as it existed at the time that Pullie filed his petition,[4] satisfies the requirements of Section 706 of the

APA.  <u>See</u> <u>Gatewood</u>, 560 F.3d at 848 (finding that the BOP's categorical exclusion of inmates from

early release satisfied the APA because "we have no difficulty concluding, as the [Supreme] Court

obviously did in <u>Lopez</u>, that public safety was the contemporaneous rationale for the interim and

final rules. . ."); <u>Hicks</u>, 603 F. Supp. 2d at 840 ("To summarize, *applying the standards articulated*

*by the Fourth Circuit*, the Court concludes that the BOP's rule provides a sufficient rationale [under

the APA] for excluding persons convicted under § 924(c) [crime involving possession of a firearm]

from early release consideration.")(emphasis added); <u>Minotti</u>, 584 F. Supp. 2d at 765 ("Therefore,

for the reasons stated, the Court finds that the BOP's 2000 Final Rule and accompanying Program

Statement 5162.04 are valid exercises of the BOP's discretion under 18 U.S.C. § 3621.").  Thus,

even if the Court does not consider the BOP's publication of the 2009 Final Rule, the BOP's

categorical exclusion of inmates pursuant to the 2000 Final Rule does not violate Section 706 of the

APA.

**2.  The 2009 Final Rule and 28 C.F.R. § 550.55**

  In its Supplement, Respondent argues that the preceding analysis became moot with the

---

  [4] At the time Pullie filed his petition in this Court, the implementing regulation, 28 C.F.R. § 550.58, and Program Statements 5162.02 and 5162.04, derived from the BOP's Final Rule in 2000, 65 Fed.Reg. 80745 (Dec. 22, 2000).

publication of the new implementing regulation, 28 C.F.R. § 550.55, and the underlying 2009 Final

Rule, which provides:

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a *readiness to endanger the public*. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a *readiness to endanger another's life*.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they *pose a particular risk to the public*. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a *significant potential for violence* from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, *in the interest of public safety*, these inmates should not be released months in advance of completing their sentences.
>
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses *pose a significant threat of dangerousness or violent behavior to the public*. This threat presents a *potential safety risk* to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed.Reg. 1892, 1895 (Jan. 14, 2009)(emphasis added).  The selected text clearly articulates a

safety risk to the public as the basis on which the BOP has excluded from early release inmates

convicted of felonies involving firearms.  Even under the aggressive scrutiny of Arrington, this new

rule clearly provides a "valid rationale" for the BOP's categorical exclusion of inmates under 28

C.F.R. § 550.55(b). The 2009 Final Rule was not published until January 14, 2009, however, which was nearly four months *after* Pullie filed his petition for writ of habeas corpus in this Court. Therefore, the central issue is whether the 2009 Final Rule should apply to Pullie's case.

Under the general rule, "absent an express directive from Congress, a court must apply a newly enacted statute to pending cases unless doing so would give the statute 'retroactive effect.'" Hicks, 603 F. Supp. 2d at 841 (quoting Alexander v. Boyd, 113 F.3d 1373, 1387 (4th Cir. 1997)). In the regulatory context, a "regulation has 'retroactive effect' when its application 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" Id. (quoting Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37 (2006)). In the well-reasoned Hicks decision, the District of South Carolina held that the new implementing regulation, 28 C.F.R. § 550.55, did not have a retroactive effect. Specifically, the court noted that Section 550.55 is "virtually identical" to Section 550.58,[5] and the petitioner, in same position as Pullie, was ineligible for early release both before and after the new regulation. Id. In sum, Section 550.55 does not (1) impair a right previously held by Pullie; (2) increase Pullie's liability for past conduct; or (3) impose new duties on Pullie. Accordingly, with respect to Pullie, the new implementing regulation does not have a retroactive effect. The BOP's categorical exclusion of Pullie from early release, pursuant to 28 C.F.R. § 550.55(b)(5)(ii), is valid.

_____

[5] Former version, 28 C.F.R. § 550.58(a): "As an exercise of the discretion vested in the Director for the Federal [BOP], the following categories of inmates are not eligible for early release: ... (vi) Inmates whose current offense is a felony: ... (B) That involved the carrying, possession or use of a firearm or other dangerous weapon or explosives ..."

Current version, 28 C.F.R. § 550.55(b): "As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: ... (5) Inmates who have a current felony conviction for: ... (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives ..."

### III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be DENIED and DISMISSED.

### IV.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                                   /s/
                                      _____
                                      Tommy E. Miller
                                      United States Magistrate Judge


Norfolk, Virginia
June 23, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:


LaShawn Pullie, #53487-083
FCC-Petersburg Medium
P.O. Box 90043
Petersburg, Virginia 23804


Susan L. Watt, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, Virginia 23510


Fernando Galindo, Clerk


By _____
Deputy Clerk

June      , 2009